IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**LEE MADDEN** **PETITIONER**
ADC #136534

VS.  CASE NO.: 5:14CV00286 SWW/BD

**RAY HOBBS, Director,**
Arkansas Department of Correction  **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.** **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Judge Susan Webber Wright. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.    Introduction**

On July 10, 2006, Petitioner Lee Madden entered a guilty plea in Desha County Circuit Court to charges of aggravated robbery, theft of property, and possession of a firearm by certain persons. On July 17, 2006, the Circuit Court sentenced Mr. Madden to 300-months' imprisonment on the aggravated robbery conviction and 240-months' imprisonment on the theft of property and firearms convictions, with the sentences to run concurrently.

On March 6, 2008, Mr. Madden brought a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the 2006 convictions. On June 11, 2008, this Court dismissed Mr. Madden's petition as time-barred. *Madden v. Norris*, No. 5:08CV00059 (E.D. Ark. June 11, 2008). On October 7, 2009, Mr. Madden filed another habeas petition challenging the same convictions, which this Court dismissed as a second or successive petition. *Madden v. Norris*, No. 5:09CV00310 (E.D. Ark. November 11, 2009).[1] Mr. Madden did not appeal either dismissal.

---

[1] In addition to the habeas filings, Mr. Madden has filed at least twenty lawsuits in this district.

Mr. Madden has now filed another habeas corpus petition challenging the same convictions. (docket entry #2, p. 1) For the following reasons, the Court should DENY and DISMISS Mr. Madden's petition, without prejudice.

### III. Discussion

Before filing a second or successive habeas corpus petition in a district court, a petitioner must seek and receive an order from the appropriate court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Without an order from the court of appeals authorizing the filing of a second or successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[2] Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the respondent – is appropriate where the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals. Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003).

The pending petition is "successive" because Mr. Madden has already filed a petition raising the same issues and challenging the same convictions that he brings in this petition. There is nothing in the record to indicate that Mr. Madden sought and received

---

[2] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).

3

authorization from the court of appeals before filing this successive petition. He must apply for, and receive, permission from the Court of Appeals for the Eighth Circuit before filing another habeas corpus petition challenging his convictions. Without permission from the Court of Appeals, the district court cannot consider this case. 28 U.S.C. § 2244(b)(1)-(3)(A).

## IV. Conclusion

The Court recommends that Judge Wright DENY and DISMISS Lee Madden's successive petition for writ of habeas corpus, without prejudice, for lack of jurisdiction. The Court further recommends that Judge Wright deny a certificate of appealability.

DATED this 30th day of July, 2014.

_____
UNITED STATES MAGISTRATE JUDGE